**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CRIMINAL CASE NO. 09-135-KKC-CJS**
**CIVIL CASE NO. 11-7167-KKC-CJS**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**v.**                    **REPORT AND RECOMMENDATION**

**WILLIAM SEAN FAISON**                                         **DEFENDANT**

**\* \* \* \* \* \* \* \* \* \***

On May 12, 2011, Defendant William Sean Faison, pro se, filed a Motion to Vacate, Set

Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, claiming that his retained counsel failed

to file a notice of appeal despite Defendant's specific request that one be filed.  (R. 599).[1]  On

August 8, 2011, the United States filed a Response, attaching an affidavit of counsel, Sheldon

Halpern, who admitted Defendant told him he intended to appeal, but denied Defendant ever

requested or expected him to file the notice of appeal.  (R. 616-1).  On September 1, 2011, Defendant

filed his Reply to the Government's Response, attaching his Declaration that he asked counsel to file

the paperwork for an appeal.  (R. 624-2).  On October 25, 2011, Defendant filed a Motion for

Judgment on the Pleadings, or alternatively, for Summary Judgment, to which the Government filed

its Response. (R. 636, 642).

Due to the factual dispute, this Court appointed counsel and set the matter for a December 2,

2011, Evidentiary Hearing.  Having all relevant documents on this specific issue before the Court

and having completed the evidentiary hearing, the matter is now ripe for consideration and issuance

---

[1]Defendant on August 12, 2011, also filed a Motion for Leave to Amend Motion to Vacate, Set Aside
or Correct Sentence by Adding "Ground Two" (R. 620), which motion filing was ordered held in abeyance.
Because of the recommended outcome on Defendant's Motion to Vacate, it will also be recommended herein
that this Motion for Leave to Amend be denied as moot.

of a Report and Recommendation.[2]  28 U.S.C. § 636(b).  For the reasons set forth below, it is recommended that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence  (R. 599) be **granted,** that his Motion for Judgment on the Pleadings, or alternatively, for Summary Judgment (R. 636) be **denied as moot;** and that his Motion for Leave to Amend Motion to Vacate, Set Aside or Correct Sentence (R. 620) be **denied as moot.**

I.      BACKGROUND

On November 5, 2009, a federal grand jury returned a superseding indictment against multiple defendants.  Defendant Faison was charged in one count of the fourteen-count indictment with conspiracy to distribute and possession with intent to distribute oxycodone and methadone.  (R. 151).  On January 25, 2010, Defendant appeared for rearraignment, but his appointed counsel requested a continuance to provide newly-retained counsel, Mr. Sheldon Halpern, an opportunity to enter an appearance.  (R. 306).  On February 4, 2010, a federal grand jury returned a second superseding indictment, adding an additional count against Faison for conspiracy to commit  money laundering.  (R. 313).  On May 24, 2010, Defendant entered a plea of guilty to both counts.  (R. 466).  There was no plea agreement in this case, and Defendant did not waive his right to appeal.  (*Id*.).

On February 24, 2011, Defendant appeared before the Court for sentencing.[3]  (R. 591).  During the sentencing, District Judge Caldwell determined that a downward variance from the

---

[2]On December 5, 2011, Defendant filed a Motion for Leave to File Woodford County Jail Visitation Records, explaining the records were not presented at the evidentiary hearing because they were just received.  (R. 649).  The Government has not opposed Defendant's motion request, and so this motion will be granted by separate order entered contemporaneously with the filing of this Report and Recommendation.  The Court notes, however, that these records were not relied upon in processing this Report and Recommendation, as Attorney Halpern admitted to not having visited Defendant at the jail.

[3]The sentencing in this matter was rescheduled multiple times upon agreement of the parties.

guideline range of 168 to 210 months was appropriate; she sentenced Defendant to a term of imprisonment of 132 months on each count to be served concurrently, with a three-year term of supervised release to follow. (R. 592, 603).

After imposition of sentence, the Clerk of Court advised Defendant of his right to appeal, and Judge Caldwell explained: "[t]he important thing for you to remember, Mr. Faison, is that there's a time limit on your time to appeal this case. Mr. Halpern, are you going to keep your client well advised?" To which Mr. Halpern responded, "I will." (R. 603, at 28).

A notice of appeal was not filed. On April 29, 2011, the Clerk of Court received a letter from Defendant requesting a docket sheet. (R. 596). On May 12, 2011, Defendant filed the pending § 2255 motion arguing that counsel was ineffective for failing to file a notice of appeal after being instructed to do so. (R. 599).

## II. ANALYSIS

### A. Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255

Defendant asserts in his § 2255 motion that his Sixth Amendment right to counsel was violated by counsel's failure to file a notice of appeal despite his specific instructions to him to do so. (R. 599, at 4). Defendant asks the Court to vacate its Judgment and enter it anew, which will provide him with the opportunity to take a timely appeal. (*Id*.).

In general, a defendant asserting ineffective assistance of counsel must show not only that counsel's performance fell below an objective standard of reasonableness, but also that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies to a claim that counsel was ineffective for failing to file a notice of appeal. *Roe v.*

*Flores-Ortega*, 528 U.S. 470, 476-77 (2000); *Regalado v. United States,* 334 F.3d 520, 524-25 (6th Cir. 2003).

It is well-established that where a defendant expressly instructs his counsel to file a notice of appeal and counsel fails to do so, counsel's conduct is objectively unreasonable. *Flores-Ortega,* 528 U.S. at 476-77. Where, however, a defendant has not given his counsel express instructions, the court must ask whether counsel "consulted" with the defendant about an appeal. *Id*. at 478. If counsel has consulted with his client, then counsel cannot be found to have acted unreasonably unless counsel ignored his client's express instructions. *Id*. If, however, counsel has not consulted with his client about an appeal, then counsel's failure to consult is unreasonable if "a rational defendant would want to appeal," or "this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. If a court determines counsel's conduct was unreasonable, the defendant must demonstrate that he was prejudiced by the conduct by proving that there is a reasonable probability that, but for counsel's deficient conduct, he would have timely appealed. *Id*. at 484.

The first factual issue for this Court under *Flores-Ortega* is to determine if Defendant asked Attorney Halpern to appeal his sentence. Here, conflicting testimony was heard at the evidentiary hearing on whether Defendant specifically instructed Halpern to file a notice of appeal on his behalf. Mr. Halpern testified that after the imposition of sentence, he told Defendant, while at counsel table, that he should appeal.[4] Halpern further testified that while he knew generally Defendant wanted to

---

[4]Although Halpern testified that he told Faison he should appeal, Halpern did not initiate that appeal by filing a notice for Faison. Introduced as an exhibit at hearing was Halpern's letter of retainer dated February 4, 2010 (R. 648), which letter confirms the terms and the scope of counsel's representation as "the pre-trial stage level to attempt to secure the best possible plea/sentence result available[ ] and ... to proceed to trial" if that is Defendant's decision.

appeal, Defendant never expressly asked him to file a notice of appeal. Defendant Faison testified

that after the Clerk informed him of his right to appeal, he did in fact tell Halpern to file an appeal.

Having reviewed and considered this conflicting testimony, the testimony of counsel is credited over

that of Defendant in this instance. Specifically, the evidence of Defendant's dissatisfaction with

counsel's representation (Defendant's Ex. 1), along with the fact that counsel is an experienced

criminal lawyer who is unlikely to ignore a client's specific instructions, supports a finding that

Defendant did not give an express instruction to Halpern to proceed with the filing of a notice of

appeal on his behalf.

The inquiry, however, does not end here. Once it is determined that a defendant did not

specifically instruct his counsel to file a notice of appeal, the court must determine whether counsel's

performance was deficient in failing to adequately consult with the defendant about an appeal where

it was rational to think the defendant would want to appeal or if the defendant demonstrated he was

interested in appealing. *Id*. at 478-79. Here, Mr. Halpern's testimony supports a finding that counsel

had a duty to consult with Defendant about an appeal: Halpern testified that he thought, and still

thinks, Defendant should appeal and told Defendant so; and he understood from Defendant's conduct

after sentencing that he wanted to appeal.

The Supreme Court has held that in this context, "consult" has a specific meaning: to

"advis[e] the defendant about the advantages and disadvantages of taking an appeal, and mak[e] a

reasonable effort to discover the defendant's wishes." *Flores-Ortega,* 528 U.S. at 478; *Pitcher v.*

*Huffman*, 65 F. App'x 979, 982 (6th Cir. 2003) (remanded for evidentiary hearing on whether

counsel consulted with defendant regarding pros and cons of an appeal). Mr. Halpern did not testify

to any meaningful consultation with Defendant regarding the advantages and disadvantages of an

appeal. Instead, Halpern testified that he did not have a "discussion" with Defendant about an appeal, but made simply made a statement to him that he should appeal. In addition, the only letter Mr. Halpern sent to Defendant post-sentencing did not discuss an appeal. (R. 616-1). Therefore, the evidence supports a finding that Mr. Halpern did not adequately consult with his client regarding an appeal.[5]

The Government argues that Halpern's failure to file a notice of appeal was objectively reasonable because Halpern reasonably believed Faison did not want Halpern to represent him on appeal. Halpern explained that his belief stemmed from Defendant expressing dissatisfaction with his services and because he was subsequently contacted by another attorney who represented that he had been consulted about filing an appeal on Defendant's behalf. Halpern, however, did not know the date he was contacted by the other attorney or whether the other attorney was ultimately retained. Nor did Halpern follow up to see if a notice of appeal had been timely filed. A mistaken belief that someone else was handling the appeal did not relieve Halpern of his duties as counsel of record. *See Edwards v. United States*, 246 F. Supp. 2d 911, 915 (E.D. Tenn. 2003).

The Government's suggestion that Halpern had no duty to file a notice of appeal because he was not retained for appellate purposes also lacks merit. In *Flores-Ortega*, trial counsel was a court-appointed public defender. At sentencing, the trial court informed the defendant of his right to appeal and explained that if he could not afford appellate counsel, counsel would be appointed to represent him on appeal. Despite the fact trial counsel had not been appointed for the appeal, the

---

[5]This is not a situation where the court's instructions on appeal can substitute for counsel's duty to consult. *See Flores-Orgega*, 528 U.S. at 479-80. Here, after the Clerk advised Defendant of his right to appeal, the Court specifically asked Mr. Halpern whether he would keep his client "well advised," to which counsel replied he would. These remarks by the Court at sentencing were not intended to replace or otherwise satisfy counsel's duty to so advise his client regarding his right to appeal.

Supreme Court found counsel had the responsibility to file a notice of appeal if requested, or to consult with defendant about an appeal where the circumstances imposed a duty on her to do so. *Flores-Ortega*, 528 U.S. at 487; *see also Cabinatan v. United States*, Civ. No. 10-00526, Cr. No. 09-132, 2011 WL 255691, at *5 (D. Hawaii, Jan. 26, 2011) (counsel must file an appeal if requested regardless if appointment or retention continues through appeal) (citing *Flores-Ortega*, 528 U.S. at 477); *Richardson v. United States*, 612 F. Supp. 2d 709, 716 (N.D. W. Va. 2009) (regardless whether retained for appeal, counsel owed duty to file notice of appeal to protect client's interest). As the Supreme Court has explained, "filing a notice of appeal is a purely ministerial task." *Flores-Ortega*, 528 U.S. at 474. Trial counsel is not excused from the simple task of filing a notice of appeal just because he may not have been specifically retained for appellate purposes.[6]

Having found that counsel performed deficiently by failing to consult with Defendant regarding an appeal, the Court must determine whether the prejudice prong of *Strickland* is satisfied. The Supreme Court has held that in such cases a defendant satisfies the prejudice prong by demonstrating that there is a reasonable probability that, but for the failure to consult, the defendant would have timely appealed. *Flores-Ortega*, 528 U.S. at 484.

Here, Halpern testified that he thought, and in fact still thinks, Defendant should appeal his sentence based on the disparity of sentences among the Defendants in the case. Halpern also testified

---

[6]Local Rule of Criminal Practice 57.6 requires an attorney to file a motion to withdraw or to substitute counsel if he wants to be removed from a case and requires, depending on the applicable situation, that the client either consent or be given notice of the motion. This Rule acts as a safeguard to ensure a defendant has notice that his counsel seeks to stop representing him. In addition, Sixth Circuit Rule 101(a) provides "[t]rial counsel in criminal cases, whether retained or appointed by the district court, is responsible for the continued representation of the client on appeal until specifically relieved by this court." 6 Cir. R. 101(a). Thus, until this Court or the Sixth Circuit relieved Halpern from his responsibilities as counsel of record, he remained responsible to assist Defendant with his appeal. *See United States v. Anderson*, 409 F. Supp. 2d 925, 926 (S.D. Ohio 2005); *Edwards*, 246 F. Supp. 2d at 915.

that although Defendant did not instruct him to file an appeal, he understood from Defendant's

conduct at sentencing that he wanted to appeal.  In addition, Defendant stated in his affidavit that had

he known that counsel was not going to file the notice of appeal, he would have requested the Clerk

of Court to enter it for him.  (R. 624-2).[7]  Accordingly, the evidence supports a finding that there is

a reasonable probability that, but for counsel's failure to consult with Defendant about an appeal,

Defendant would have timely appealed and, therefore, prejudice is established. *See id.* at 484.  Thus,

it will be recommended that the presiding District Judge grant Defendant's § 2255 motion, vacate

the Judgment, and enter an amended judgment, which will provide Defendant with an opportunity

to pursue an appeal.

### B.        Motion for Judgment on the Pleadings

Defendant filed a Motion for Judgment on the Pleadings, or alternatively, for Summary

Judgment, seeking the relief requested in his § 2255 motion.  (R. 636).  The recommendation on

Defendant's § 2255 motion is dispositive of the issue raised.  Therefore, it will be recommended that

Defendant's Motion for Judgment on the Pleadings be denied as moot.

### III.      CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

1.        Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.

§ 2255 (R. 599) be **GRANTED;** the February 28, 2011, Final Judgment be **VACATED;** an

Amended Judgment be **ENTERED** reimposing the same sentence; the clerk be **DIRECTED TO**

**FILE** a notice of appeal on Defendant William Faison's behalf within **fourteen (14) days** from entry

---

[7]While generally such self-serving declarations are not accorded great weight, in this instance
Defendant's statement is supported by the other evidence of record.

of the Amended Judgment; and Defendant be **ORDERED TO FILE** with the Sixth Circuit an updated application to proceed *in forma pauperis* along with a motion for appointment of counsel after entry of the notice of appeal;

2.     Defendant's Motion for Judgment on the Pleadings, or alternatively, for Summary Judgment (R. 636) be **DENIED AS MOOT;** and,

3.     Defendant's Motion for Leave to Amend Motion to Vacate, Set Aside or Correct Sentence by Adding "Ground Two" (R. 620) be **DENIED AS MOOT.**

Objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of the same or further appeal is waived. *See* Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn,* 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Poorly drafted objections, general objections or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *See Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). A party may file a response to another party's objections within 14 days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

Dated this 30th day of January, 2012.

Signed By:

*Candace J. Smith*

**United States Magistrate Judge**

G:\DATA\habeas petitions\evidentiary hearing\09-135FaisonR&R.wpd

9