UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CRIMINAL ACTION NO. 09-CR-135-KKC-CJS
CIVIL CASE NO. 11-7167-KKC-CJS

UNITED STATES OF AMERICA, PLAINTIFF

v. **OPINION AND ORDER**

WILLIAM SEAN FAISON DEFENDANT

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on Defendant William Faison's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 599] and the Magistrate Judge's Report and Recommendation in which she recommends that the motion be granted. [DE 667]. The Defendant filed two objections to the Magistrate Judge's Report and Recommendation. [DE 669]. For the following reasons, Defendant's objections are overruled and the Court will adopt the Magistrate Judge's opinion as its own.

Defendant argues in his § 2255 motion that he received ineffective assistance of counsel because his retained counsel failed to file a notice of appeal despite his request that one be filed. [DE 599]. Defendant later filed a motion to amend his prior motion by adding "Ground Two," which alleges he received ineffective assistance of counsel during other stages of his case. [DE 620].

After an evidentiary hearing, the Magistrate Judge found that Defendant did not give his attorney an express instruction to file a notice of appeal. The Magistrate Judge, however, did find that Defendant's counsel was constitutionally deficient in failing to adequately consult with him

about an appeal. The Magistrate Judge concluded that "counsel had a duty to consult with Defendant about an appeal." [DE 667 at 5]. Despite that duty, counsel "did not testify to any meaningful consultation with Defendant regarding the advantages and disadvantages of an appeal." [DE 667 at 5-6]. But for counsel's deficient consultation, Defendant would have timely appealed. [DE 667 at 7]. The Magistrate Judge recommended that Defendant's § 2255 motion be granted, and the Court enter an amended judgment which will provide Defendant with an opportunity to pursue an appeal. [DE 667 at 8]. Because the Magistrate Judge recommended that Defendant's § 2255 motion be granted, the Magistrate Judge recommends that Defendant's motions for leave to add "Ground Two" and for judgment on the pleadings or summary judgment be denied as moot. [DE 667 at 9].

Defendant objects to the recommendation that his motion for leave to add "Ground Two" be denied at moot "unless the court finds that issue may be raised after his appeal from his original sentence has become final." [DE 669 at 1]. Defendant does not want to abandon that issue or waive the right to assert it in the future. The Court finds that the issues alleged in Ground Two can be raised in a new § 2255 motion after direct appeal. Because the Court will be vacating its judgment and entering a new judgment, a future § 2255 motion will be the first § 2255 motion on the new judgment. Therefore, Defendant's objection to Magistrate Judge's recommendation that Defendant's Motion for Leave to Amend Motion to Vacate, Set Aside or Correct Sentence by Adding "Ground Two" be denied as moot is overruled.

Next, Defendant objects to the portion of the Report and Recommendation that suggests the Court vacate its Judgment and enter a new Judgment imposing the same sentence. Defendant "does not wish to waive his right of allocution before the District Court and he may want to raise issues regarding the application of the Sentencing Guidelines in his case at the time of re-

sentencing." Defendant's objections are misplaced. Defendant already exercised his right of allocution and had an opportunity to raise issues regarding the application of the Sentencing Guidelines. The only issue before the Court is whether Defendant received ineffective assistance of counsel about filing a notice of appeal, and but for that deficient performance, Defendant would have timely filed an appeal. The Court agrees with the Magistrate Judge that Defendant received ineffective assistance of counsel that caused him to not file an appeal. The Court will remedy that violation.

The Magistrate Judge recommends, and the Court will adopt, a remedy that cures the constitutional violation at issue. Defendant had a right of allocution and a right to object to the application of the Sentencing Guidelines at the original sentencing hearing. Objections to Defendant's sentence, the application of the Sentencing Guidelines or his right of allocution are matters for appeal. The Court's remedy is designed to put Defendant in the place he would have been if his counsel had consulted him about an appeal. If Defendant prevails on appeal and a resentencing is necessary, Defendant will be free to make additional objections to the Sentencing Guidelines and will be afforded a right of allocution. Therefore, Defendant's second objection to the Magistrate Judge's Report and Recommendations is **DENIED**.

Accordingly, it is **ORDERED**:

1) The Magistrate Judge's Report and Recommendation [DE 667] is **ADOPTED** as the Court's opinion;

2) Defendant's Objections to the Report and Recommendation [DE 669] are **OVERRULED**;

3) Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 599] is **GRANTED**;

3

4) the February 28, 2011 Final Judgment is **VACATED**;

5) an Amended Judgment will be **ENTERED** reimposing the same sentence;

6) the Clerk shall **FILE** a notice of appeal on Defendant William Faison's behalf within fourteen (14) days from entry of the Amendment Judgment;

7) Defendant is **ORDERED** to **FILE** with the Sixth Circuit Court of Appeals, an updated application to proceed *in forma pauperis* along with a motion for appointment of counsel after entry of the notice of appeal;

8) Defendant's Motion for Judgment on the Pleadings, or alternatively, for Summary Judgment [DE 636] is **DENIED** as **MOOT**; and

9) Defendant's Motion for Leave to Amend Motion to Vacate, Set Aside or Correct Sentence by Adding "Ground Two" [DE 620] is **DENIED** as **MOOT**.

Dated this 9th day of May 2012.

Signed By:
*Karen K. Caldwell*
United States District Judge