UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 5:09-cr-135-KKC-14

UNITED STATES OF AMERICA,                                                       PLAINTIFF,

V.                    **MAGISTRATE JUDGE'S REPORT**
                           **AND RECOMMENDATION**

WILLIAM SEAN FAISON,                                              DEFENDANT.

*** *** *** ***

On May 3, 2013, *pro se* Defendant William Sean Faison filed a motion pursuant to 28 U.S.C. § 2255 requesting that the Court vacate his conviction and sentence. [Record No. 727]. Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, it will be recommended that the Defendant's motion be referred to the Sixth Circuit as a second or successive habeas petition.

The Antiterrorism and Effective Death Penalty Act, ("AEDPA"), mandates that, if a movant has previously filed a habeas petition, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application" before a district court can consider the second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A). In reviewing this portion of AEDPA, the Supreme Court has noted:

> [AEDPA] requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court. But this requirement simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by 28 U.S.C. § 2254 Rule 9(b).

Felker v. Turpin, 518 U.S. 651, 664 (1996). The Supreme Court has clearly held: "under AEDPA, [a petitioner] was required to receive authorization from the Court of Appeals before filing his second challenge. Because he did not do so, the District Court was without jurisdiction to entertain it." Burton v. Stewart, 127 S. Ct. 793, 796 (2007).

Notwithstanding the foregoing, if a defendant's previous petition was successful and resulted in a new judgment or sentencing, a later petition may not be considered second or successive. *See, e.g.*, Magwood v. Patterson, 130 S.Ct. 2788, 2797-2801 (2010). A petition following a previously successful petition is not considered second or successive under the AEDPA if the petition claims errors related to the resentencing or new judgment. *See, e.g.*, Lang v. United States, 474 F.3d 348, 352-53 (6th Cir. 2007) (concluding that a petition is not successive where the claims *originate* from a proceeding following the first habeas petition and therefore could not have been challenged in the earlier habeas petition); United States v. Barrett, 178 F.3d 34, 43-44 (1st Cir. 1999) (stating that "where the second petition challenges parts of the judgment that arose as the result of the success of an earlier petition," a petition is not considered second or successive); Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997) ("None of these new claims were raised in his first petition, nor could they have been; [the petitioner] is attempting to challenge the constitutionality of a proceeding which obviously *occurred after he filed, and obtained relief, in his first habeas petition*." (emphasis added)). However, if the petition asserts claims related to the underlying conviction or previous proceedings that could have been raised in the original petition, the petition does not escape the second or successive label. *See, e.g.*, Suggs v. United States, 705 F.3d 279, 283-85 (7th Cir. 2013); Hawkins v. United States, No. 89-CR-80335, 2011 WL 2533658, at *1-2 (E.D. Mich. June 27, 2011). In order to determine whether a petition following a new judgment is second or successive under the AEDPA, a court

must look at the nature of the claims, the proceeding(s) from which the claims arose, and if the claims could have been raised in the previous petition. *See*, Lang, 474 F.3d at 352-53 (6th Cir. 2007); Barrett, 178 F.3d at 43-44.

On February 24, 2011, Faison was sentenced to 132 months imprisonment, to be followed by three (3) years of supervised release, as a result of his plea of guilty to conspiracy to distribute Oxycodone and Methadone in violation of 21 U.S.C. § 846, and Conspiracy to launder drug proceeds in violation on 18 U.S.C. § 1956(a)(1)(A)(i) and (h). [Record Nos. 592]. On May 12, 2011, Faison filed a Motion to Vacate under 28 U.S.C. § 2255, challenging his conviction and sentence based on his attorney's failure to file a timely notice of appeal at Faison's request. [Record No. 599]. After reviewing his motion and holding an evidentiary hearing, Magistrate Judge Candace Smith recommended that Faison's motion be granted, the prior judgment be vacated, and an amended judgment be entered reimposing the same sentence so that Faison could pursue a direct appeal. [Record No. 667]. On May 15, 2012, the District Judge overruled Faison's objections to Magistrate Judge Smith's Report and Recommendation, adopted the recommendation, granted Faison's Motion to Vacate, vacated the prior judgment, and entered an amended judgment reimposing the same sentence. [Record Nos. 677; 678]. Following the entry of the amended judgment, Faison filed an appeal with the Sixth Circuit, which was denied. [Record Nos. 679; 727]. On May 3, 2013, Faison filed the instant Motion for 28 U.S.C. § 2255, requesting his sentence be corrected or vacated as a result of ineffective assistance of counsel related to his attorney's performance during plea negotiations and rearraignment. [Record No. 727].

Faison has clearly filed a second or successive habeas petition. While Faison's initial § 2255 motion was successful, and, as a result, an amended judgment was entered, the claims

raised in the instant § 2255 motion do not relate to the amended judgment. Faison asserts errors with his attorney's performance during plea negotiations, which obviously occurred prior to his previous § 2255 petition and the entry of the amended judgment. His claims could have been asserted in his previous petition. Therefore, despite the intervening amended judgment, Faison's instant motion is a second or successive habeas petition.

As a second or successive petition, the AEDPA and relevant precedent plainly dictate that the District Court lacks jurisdiction to rule on the instant motion. The screening function for successive petitions has been statutorily vested in the court of appeals, thus depriving this Court of jurisdiction to hear Faison's case. In order to cure this lack of jurisdiction, the Sixth Circuit counsels that:

> when a prisoner has sought § 2244(b)(3) permission from the district court, *or when a second or successive petition for habeas relief* or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court *shall* transfer the document to this court pursuant to 28 U.S.C. § 1631.

In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (emphasis added). The panel in Sims noted that some district courts were dismissing the petitions for lack of jurisdiction and held that, when faced with what appears to be a successive petition, a district court shall transfer the case instead of dismissing it. Id., *citing* Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996).

Faison has not been granted authorization for a successive petition under § 2244(b)(3)(A). Consequently, the undersigned recommends that this matter be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, for a determination of whether Faison will be granted authorization to file a second or successive habeas petition.

Accordingly, having considered the matter fully, and the Court being otherwise sufficiently advised,

IT IS RECOMMENDED that this matter be transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631, for a determination of whether the Defendant will be granted authorization to file a second or successive habeas petition.

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Report and Recommendation. Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Ann, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller V. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed May 6, 2013.

Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge