UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:09-CR-135-KKC |
| Plaintiff, | |
| V. | MEMORANDUM, OPINION, & ORDER |
| WILLIAM SEAN FAISON, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on William Sean Faison's motion to vacate (DE 727), Faison's motion to amend/correct his objection and motion to vacate (DE 742), and Faison's motion for a status update (DE 785). Consistent with local practice, Faison's motion to vacate was referred to the United States Magistrate Judge for consideration. For the reasons explained below, the Court will decline to adopt the Magistrate Judge's Report and Recommendation (DE 728), will grant Faison's motion to amend/correct his § 2255 motion (DE 742), will deny as moot Faison's motion for a status update (DE 785), and will deny his motion to vacate under 28 U.S.C. § 2255 (DE 727).

I. BACKGROUND

Faison was originally charged with one count of conspiracy to distribute and possession with the intent to distribute oxycodone and methadone. (DE 667, p. 2). On January 25, 2010, Faison and his court-appointed counsel, Cullen Gault, appeared before the Court for a change of plea hearing. (DE 351, p. 2). According to Faison, Faison had already signed a plea agreement and was prepared to plead guilty at the hearing.

However, Mr. Gault informed the Court that he had been contacted by Sheldon Halpern, an attorney in Michigan, who indicated that Faison had contacted Halpern about representing him in the case. (DE 351, p. 2). Mr. Gault then asked the Court for a continuance, which the Court granted. (DE 351, p. 5). The Court then advised Faison that Gault was a good attorney, but he "is willing to withdraw that you may choose to have other counsel in this case. I don't want you to do anything you're not prepared to do here today." (DE 351, p. 5). Faison responded, "All right." (De 351, p. 5). Faison also noted, "I apologize too, Your Honor." (DE 351, p. 6).

On February 4, 2010, the Government superseded the indictment and added an additional count of money laundering. (DE 313). Mr. Halpern ultimately entered his appearance in the case and Mr. Gault was relieved of any further duties as counsel for Faison. (DE 358). On May 24, 2010, Faison pleaded guilty to both counts in the superseding indictment. (DE 468). After Faison withdrew his objections to the presentencing report concerning the amount of pills in question, the Court sentenced Faison to a term of imprisonment of 132 months, which was a downward variance from the sentencing guidelines. (DE 603, p. 23). There was no plea agreement.

On May 12, 2011 Faison filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, claiming that his retained counsel, Mr. Halpern, failed to file a notice of appeal despite Faison's specific request that one be filed. (DE 599). Faison also filed a motion for leave to amend his motion to vacate seeking to add "ground two" to his motion. (DE 620). Faison sought to add that Mr. Gault was also ineffective when he failed to advise Faison that by seeking a continuance in order to appoint new counsel, Faison would lose the offer from the Government. (DE 620, p. 3). Faison's motions were referred

to Magistrate Judge Smith, who recommended that Faison's initial motion be granted and that his motion to amend be denied as moot. (DE 667).

This Court adopted the report and recommendation, overruled Faison's objections, and re-entered the same judgment so that Faison could appeal. (DE 677). With regard to Faison's motion for leave to amend his motion to vacate to add "ground two," this Court found that "[b]ecause the Court will be vacating its judgment and entering a new judgment, a future § 2255 motion will be the first § 2255 motion on the new judgment." (DE 677). Faison then appealed to the Sixth Circuit, and his appeal was denied.

Faison now files another motion to vacate under 28 U.S.C. § 2255 alleging that Mr. Gault was ineffective when he did not inform the Court or the Government about Faison's signed plea agreement and sought a continuance rather than advising Faison to go forward with the plea. (DE 727).

## II. ANALYSIS

### A. Report and Recommendation

Faison's § 2255 motion was referred to the Magistrate Judge for consideration. The Magistrate Judge recommended that this matter be transferred to the Sixth Circuit Court of Appeals for a determination of whether the Defendant would be granted authorization to file a second or successive habeas petition. (DE 728, p. 5). Because this Court's previous order entered a new judgment in this matter and advised Faison that a future § 2255 would be considered the first § 2255 motion on the new judgment, the Court will decline to adopt the Magistrate Judge's recommendation (DE 728) and will consider Faison's § 2255 motion.

### B. § 2255 Motion to Vacate

In his motion to vacate, Faison argues that "rather than forwarding the signed Plea Agreement to the Government, Attorney Gault, upon information and belief, never

3

forwarded it to the Government." (DE 727, p. 3). Further, "Gault failed to advise either the Government or this Court that he had received an executed Plea Agreement." (DE 727, p. 3). Thus, the crux of Faison's argument is that Faison wanted to plead guilty on the day of his initial change-of-plea hearing rather than continue the matter and wait for his new attorney to enter an appearance. Faison insists that his guideline range would have been between 108 and 135 months had he accepted the original plea offer. (DE 727, p. 3). Of course, Faison was ultimately sentenced to 132 months, within the range he alleges he would have received under the first plea agreement.

Faison's claim is simply without merit, and he is not entitled to relief. Faison failed to show that Mr. Gault or Mr. Halpern's performance fell below an objectively reasonable level. Faison's case was set for a hearing for a change of plea on January 25, 2010. The Court began proceedings as though Faison was going to plead guilty. Mr. Gault stopped the proceedings because he had received a phone call from Mr. Halpern that morning indicating that "Mr. Faison ha[d] contacted this gentleman about representing him in this case." (DE 351, p. 4). Since Faison appeared to have retained new counsel, Mr. Gault asked for a continuance so that Faison's counsel of choice could appear. Mr. Halpern later assumed Faison's defense and represented him when Faison ultimately changed his plea.

Had Faison wished to plead during the initial change-of-plea proceeding, it is unclear why he did not say so in open court when Mr. Gault said, "if the Court wants some further explanation, Mr. Faison can explain some reasons or whatever." (DE 351, p. 5). Further, when the Court told Faison, "I don't want you to do anything you're not prepared to do here today," i.e. plead guilty, Faison said, "All right." (DE 351, p. 5). Faison even apologized for the delay. Faison does not contest that he or his family had spoken with Mr. Halpern's office about representing Faison, nor does he contest the fact that Mr. Halpern

4

contacted Mr. Gault. Faison only complains that Mr. Halpern should not have contacted Mr. Gault, and Mr. Gault should have proceeded onward with the change-of-plea hearing, despite all indications that Faison wanted a new attorney. Faison's argument is without merit. Moreover, Faison suffered no harm from the decision to continue the matter, as he was ultimately sentenced within the range he insists would have applied under the original plea agreement.

Faison is correct that, "the decision to plead guilty –first, last, and always– rests with the defendant, not his lawyer." *Smith v. United States*, 348 F.3d 545, 552 (6th Cir. 2003). However, that is exactly what Mr. Gault and the Court permitted Faison to do in this matter. There is simply no evidence or facts to suggest otherwise. Faison did not object to any of the representations made in open court about his acquiring another attorney, even apologized for the delay, and agreed that he should not do anything he wasn't prepared to do. Mr. Halpern ultimately became Faison's retained counsel, and there is no evidence that Mr. Halpern did anything improper by informing Gault that he had been retained as Faison's new counsel. .

**C. Motion for a Status Update**

Because this Order serves to address all the outstanding motions in this matter, Faison's motion for a status update is denied as moot. The Court will ensure that a copy of this Order is mailed to Faison.

**D. Motion to Amend Objection and/or Motion to Amend § 2255 Motion**

To the extent Faison's motion is an objection to the Magistrate Judge's Report and Recommendation, it is denied. The Court has already declined to adopt the Report and Recommendation. Moreover, this motion has absolutely nothing to do with the Report and Recommendation issued by the Magistrate Judge. To the extent Faison seeks to amend his

original § 2255 motion to vacate, the Court will grant his request, but will still deny his § 2255 motion, even considering the amendment.

Faison amends his § 2255 motion to vacate to add that he was unlawfully sentenced based on the Supreme Court's ruling in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). In *Alleyne*, the Supreme Court held "that facts that increase mandatory minimum sentences must be submitted to the jury." *Id*. at 2163. It is unclear what exactly Faison is arguing, but *Alleyne* does not apply in this case. Faison was not sentenced under a mandatory minimum or maximum and did not go to trial. Instead, Faison pleaded guilty to the indictment and "agreed not to put the government, himself, or this Court through all of the machinations of a full hearing to try to establish the 6,000 pills" involved in the conspiracy. (DE 603, p. 9). Thus, to the extent Faison is concerned that that the Government never proved that the conspiracy distributed 6,000 pills, Faison withdrew his objection to the quantity of pills at sentencing, and accepted the applicable sentencing guideline range. (DE 603, p. 3). Faison cannot now object to that fact. Furthermore, the quantity of pills involved in this matter need not be listed in the indictment, and *Alleyne* does nothing to require that.

## III. CONCLUSION

After considering Faison's § 2255 motion, even as amended, and all the evidence and files in the record, the Court conclusively finds that "the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Accordingly, the Court **HEREBY ORDERS** as follows:

1. The Court declines to adopt the Magistrate Judge's report and recommendation (DE 728);

2. Even as amended, Faison's motion to vacate (DE 727) is **DENIED**;

3. Faison's motion for a status update (DE 785) is **DENIED AS MOOT**;

4. Faison's motion to amend/correct his motion to vacate (DE 742) is **GRANTED;** and

5. The Clerk of the Court is directed to a mail a copy of this Memorandum, Opinion, and Order to Faison at the address on record.

This 25th day of April, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY