UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>V.<br><br>WILLIAM SEAN FAISON,<br>  Defendant. | CRIMINAL ACTION NO. 5:09-135-KKC<br><br><br>**MEMORANDUM OPINION AND<br>ORDER** |

\*\*\* \*\*\* \*\*\*

The defendant, William Sean Faison, has filed a number of motions that are now ripe for review. They are: a motion to reconsider the Court's April 25, 2014 opinion and order denying his motion to vacate under 28 U.S.C. § 2255 (DE 788); Faison's amended motion to reconsider the Court's April 25, 2014 opinion and order and motion to withdraw his guilty plea (DE 798); Faison's motion for retroactive sentence and/or motion to supplement (DE 790); and Faison's motion to amend/correct his motion for retroactive sentence (DE 796). For the following reasons, the Court will deny Faison's motion to reconsider (DE 788) and his amended motion to reconsider and motion to withdraw his guilty plea (DE 798), will grant in part and deny in part Faison's motion for retroactive sentence and/or motion to supplement (DE 790), and will grant his motion to amend/correct his motion for retroactive sentence (DE 796).

**I. Background**

A more complete description of the facts and procedural history can be found in the Court's opinion and order entered on April 25, 2014 (DE 786). Accordingly, only facts necessary to determine Faison's pending motions are set forth in this opinion.

On May 24, 2010, Faison pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute oxycodone and methadone and one count of money laundering. (DE 466, 468).[1] After Faison withdrew his objections to the presentencing report concerning the quantity of pills in question, the Court sentenced Faison to 132 months of imprisonment, which was a downward variance from the sentencing guidelines. (DE 603, pp. 9, 23). There was no plea agreement.

On May 12, 2011, Faison filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, claiming that his retained counsel, Sheldon Halpern, failed to file a notice of appeal despite Faison's specific request that one be filed. (DE 599). Faison also filed a motion for leave to amend his motion to vacate seeking to add an additional ground for his motion. (DE 620). Faison's motions were referred to Magistrate Judge Candace Smith, who recommended that Faison's initial motion be granted and that his motion to amend be denied as moot. (DE 667).

The Court adopted the report and recommendation, overruled Faison's objections, and re-entered the same judgment so that Faison could appeal. (DE 677, 678). With regard to Faison's motion for leave to amend his motion to vacate to add an additional ground, the Court found that "[b]ecause the Court will be vacating its judgment and entering a new judgment, a future §2255 motion will be the first § 2255 motion on the new judgment." (DE 677). Faison then appealed to the Sixth Circuit, and his appeal was denied. (DE 722).

---

[1] In researching the file in this case, it is clear that Faison pleaded guilty pursuant to the second superseding indictment filed on February 4, 2010. (DE 313). However, the transcript of the sentencing hearing reflects that there may have been misstatements concerning which counts were to be dismissed following Faison's guilty plea and the imposition of his sentence. (DE 603, pp. 4, 25). These inaccuracies may be explained by the fact that Faison was one of seventeen defendants ultimately indicted in this large-scale drug trafficking case, and he was not charged in the original indictment but was first named in the superseding indictment filed on November 5, 2009. (DE 25, 151).

On May 3, 2013, Faison filed another motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, alleging that his court-appointed counsel, Cullen Gault, was ineffective at the change of plea hearing on January 25, 2010, when he did not inform the Court or the Government about Faison's signed plea agreement and sought a continuance rather than advising Faison to go forward with the plea. (DE 727). At the hearing, Mr. Gault informed the Court that he had been contacted by Mr. Halpern, who indicated that Faison had contacted Mr. Halpern about representing him the case. (DE 351, p. 4-5). Mr. Gault then asked the Court for a continuance, which the Court granted. (DE 351, p. 6). Faison's § 2255 motion was referred to Magistrate Judge Edward Atkins, who recommended that the matter be transferred to the Sixth Circuit Court of Appeals for a determination of whether Faison would be granted authorization to file a second or successive habeas petition. (DE 728). Faison filed objections to the Magistrate Judge's report and recommendation (DE 729). Then he filed a motion to amend his objections and/or a motion to amend his § 2255 motion, arguing that the he was unlawfully sentenced under the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (DE 742).

The Court declined to adopt the Magistrate Judge's report and recommendation, finding that the Court's previous order entered a new judgment and advised Faison that a future § 2255 motion would be considered the first § 2255 motion on the new judgment. (DE 786, p. 3). The Court then considered Faison's § 2255 motion, and held that even as amended, it should be denied. (DE 786). Faison now asks the Court to reconsider its denial of his § 2255 motion.

## II. Discussion

### A. Motion to Reconsider (DE 788)

Motions to reconsider are evaluated under the same standard as a motion to alter or amend a judgment under Rule 59(e). *Howard v. Magoffin Cnty. Bd. of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2012) (citing *Keith v. Bobby*, 618 F.3d 594, 597–98 (6th Cir. 2010)). To succeed, a party must show one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)). However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

In his first motion to reconsider, Faison contends that he was unlawfully sentenced under the Supreme Court's ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (DE 788). Mr. Faison appears to argue that because his sentencing range under the Sentencing Guidelines was increased by the number of pills involved, the quantity of drugs was an "element" that must have been presented to the grand jury in the indictment. This is the same argument Faison made, and the Court rejected, in his motion to amend his objections and/or a motion to amend his § 2255 petition. (DE 742, 786). Faison confuses the sentencing range, as determined by the Sentencing Guidelines, with the mandatory minimum penalty required by statute. It is undisputed "that facts that increase mandatory minimum sentences must be submitted to the jury" and "found by the jury beyond a reasonable doubt." *Alleyne*, 133 S. Ct. at 2163. Here, however, Faison was not sentenced under a mandatory minimum and did not go to trial, so *Alleyne* is inapplicable. Further, Faison cannot now contest the quantity of pills involved because he withdrew his objection

4

to the quantity of pills at sentencing and accepted the applicable sentencing guideline range. (DE 603, pp. 3, 9). In any event, in his amended motion to reconsider (DE 798), Faison "concedes" that the indictment need not include the quantity of pills as long as it includes the penalty statute. As discussed below, the indictment indeed included the applicable penalty provisions. Therefore, because Faison has not established any of the bases for reconsideration, his motion (DE 788) will be denied.

### B. Amended Motion to Reconsider and Motion to Withdraw Guilty Plea (DE 798)

In his amended motion to reconsider and motion to withdraw his guilty plea, Faison asserts that his sentence was unlawful because the Court "constructively amended the indictment and included a punishment not considered by the grand jury." (DE 798). It appears Faison is arguing that the Court constructively amended the indictment by informing him of the applicable statutory penalties for a violation of 21 U.S.C. § 841(a)(1) (Count 1) and 18 U.S.C. § 1956(h) (Count 2) during his rearraignment and sentencing hearings when the Government failed to include the penalty statutes in the indictment. (DE 798).

While Faison couches his argument under a theory of constructive amendment, it is clear that he is contesting the sufficiency of his indictment. "Constructive amendments occur 'when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment.'" *United States v. Ferguson*, 681 F.3d 826, 830 (6th Cir. 2012) (quoting *United States v. Chilingirian*, 280 F.3d 704, 712 (6th Cir. 2002)). Faison does not argue that he was "convicted of an offense other than that charged in the

indictment." *Id.* Rather, he contends that "the petitioner's indictment 'does not' include either the drug amount of (sic) the penalty provision to put the petitioner on notice as mandatory (sic) required and this failure by the government voids the indictment, the plea and the sentence." (DE 798).

"'[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States,* 418 U.S. 87, 117 (1974)). Further, "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment . . . or to reverse a conviction." Fed. R. Crim. P. 7(c)(2).

The indictment in this case meets these requirements. Both counts of the indictment specified the statutory provisions Faison was alleged to have violated and gave a description of the facts constituting the offense, and the final page of the indictment provided the applicable statutory penalties. (DE 313). Faison did not assert at any time during his criminal case that he was uncertain of the offenses charged, the elements of the offenses, or the potential penalties upon conviction. In fact, he expressly acknowledged the charges against him and the relevant statutory penalties during his rearraignment hearing. (DE 468, p. 6-9). Clearly, he and his counsel were on notice as to the offenses to which he would defend and what the United States would be required to prove, as well as the possible statutory penalties. Even though the indictment omitted direct citations to the penalty sections, it unambiguously set forth the penalties in words so any omission could not have misled Faison to his prejudice. Moreover, this is a new argument which is not appropriate on a motion for reconsideration. *Sault Ste. Marie,* 146 F.3d at 374. Faison

6

presents no further argument as to why he should be entitled to withdraw his guilty plea. Accordingly, Faison's amended motion to reconsider and motion to withdraw his guilty plea (DE 798) is denied.

### C. Motion for Retroactive Sentence and/or Motion to Supplement (DE 790) and Motion to Amend/Correct his Motion for Retroactive Sentence (DE 796)

On July 25, 2014, Faison filed a motion seeking a reduction in his sentence under Amendment 782 to the Sentencing Guidelines, which reduced the sentencing guideline levels applicable to many federal drug trafficking offenders.[2] *Materials on 2014 Drug Guidelines Amendment,* U.S. Sentencing Comm'n, http://www.ussc.gov/amendment-process/materials-2014-drug-guidelines-amendment. In his motion, Faison stated that he "would seek that reduction from the court at this time." (DE 790). However, on September 29, 2014, Faison filed a motion in which he stated that he intended his July 25, 2014 motion to be a supplement to his § 2255 motion and not a "formal motion seeking relief" under Amendment 782. (DE 796). Accordingly, Faison asks to withdraw his July 25, 2014 motion as an independent motion for relief and requests that the Court accept the filing as a supplement to his § 2255 motion. (DE 796).

The Court will permit Faison to withdraw his July 25, 2014 motion as an independent motion seeking a reduction in his sentence under Amendment 782. However, to the extent that Faison requests that the Court consider his motion as a supplement to his § 2255, the Court had already denied Faison's § 2255 motion when he filed his motion on July 25, 2014. (DE 786). As a result, the Court will construe his July 25, 2014 motion (DE 790) as an additional ground for reconsideration. It is unclear what exactly Faison is

---

[2] While Amendment 782 was not in effect at the time Faison filed his motion, it became effective on November 1, 2014. While the amendment was given retroactive effect, no offenders may be released under the amendment prior to November 1, 2015. U.S. Sentencing Guidelines Manual § 1B1.10(d), (e) (2014).

arguing, but whether he is entitled to a sentence reduction under Amendment 782 does not affect whether his sentence was lawful at the time it was imposed.[3] U.S. Sentencing Guidelines Manual § 1B1.10 cmt. background (2014) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence . . . ."). Therefore, even considering Faison's July 25, 2014 motion as an additional ground for reconsideration, the Court will still deny his motion for reconsideration (DE 788).

In his motion to amend/correct his motion for retroactive sentence, Faison also requests that the Court correct the caption on Faison's docket sheet to remove the "crack cocaine" label. (DE 796). Faison asserts, and the record confirms, that this case involved oxycodone and methadone, not crack cocaine. While this caption is insignificant and does not change the Court's analysis, the Court will direct the Clerk of the Court to remove the "crack cocaine" label from the caption on the docket sheet in this case.

Finally, Faison requests that the Court order the United States to serve him with its response to his July 25, 2014 motion or, in the alternative, strike the response for failure to comply with Rule 49(a) of the Federal Rules of Criminal Procedure. (DE 796). The Certificate of Service shows that the Government's response was mailed to Faison at FCI Elkton on August 8, 2014. (DE 792, p. 3). "If a certificate of service is filed averring that a [paper] has been served by being placed in the U.S. mail, a presumption of regularity arises that the addressee received the [paper]." *Hart v. Penske Truck Leasing Co.,* No. 09-2108-STA-TMP, 2013 WL 3875393, at *3 (W.D. Tenn. July 25, 2013) (alterations in original) (citations and internal quotation marks omitted); *see also In re Farris,* 365 F. App'x 198,

---

[3] The Court expresses no opinion as to whether Faison is entitled to a reduction in his sentence under Amendment 782 at this time. Nothing in this opinion prevents Faison from filing a motion under Amendment 782 in the future.

199–200 (11th Cir. 2010) (per curiam) (stating that a notice accompanied by a certificate of service created a presumption that the notice was received, which must be rebutted by evidence of non-receipt). "Denials of receipt generally will not overcome the presumption in the absence of some supporting evidence." *Craul v. Wal-Mart Stores E., LP*, No. 4:12-CV-1380, 2012 WL 6823181, at *5 (M.D. Pa. Nov. 29, 2012) *report and recommendation adopted*, No. 4:12-CV-1380, 2013 WL 105347 (M.D. Pa. Jan. 9, 2013); *see also Kin Chun Chung v. JPMorgan Chase Bank, N.A.*, 975 F. Supp. 2d 1333, 1348 (N.D. Ga. 2013). Here, Faison has presented no evidence other than his own declaration that he did not receive the Government's response. Thus, the Court finds Faison has failed to rebut the presumption that he received a copy of the Government's response to his motion. Even if Faison did not receive the Government's response, the Court notes that he suffers no prejudice because the Court has granted his motion to supplement and will permit Faison to file another motion for retroactive sentence under Amendment 782 in the future if he desires.

### III. Conclusion

For the reasons stated above, the Court **HEREBY ORDERS** as follows:

1. Even as supplemented, Faison's motion to reconsider (DE 788) is **DENIED**;

2. Faison's amended motion to reconsider and motion to withdraw his guilty plea (DE 798) is **DENIED**;

3. Faison's motion for retroactive sentence and/or motion to supplement (DE 790) is **GRANTED IN PART and DENIED IN PART** as follows:

    a. Faison's motion for retroactive sentence is **DENIED WITHOUT PREJUDICE** as Faison has withdrawn this request for relief; and

    b. Faison's motion to supplement is **GRANTED**;

4. Faison's motion to amend/correct his motion for retroactive sentence (DE 796) is **GRANTED**;

5. The Clerk of the Court is **DIRECTED** to remove the "crack cocaine" label from the caption on the docket sheet in this case; and

6. The Clerk of the Court is **DIRECTED** to mail a copy of this opinion and order to Faison at the address on record.

Dated March 23, 2015.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY